Filed 1/12/21  In re O.R. CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re O.R. et al., <br><br> Persons Coming Under the Juvenile Court Law. | B304152 <br> (Los Angeles County <br> Super. Ct. No. 18CCJP00845A-B) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> J.R.-P. et al., <br><br> Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Craig S. Barnes, Judge.  Dismissed.

Andre F.F. Toscano, under appointment by the Court of Appeal, for Defendant and Appellant J.R.-P.

Neale B. Gold, under appointment by the Court of Appeal, for Defendant and Appellant M.R.

No appearance for Plaintiff and Respondent.

Defendants M.R. and J.R.-P. (respectively, mother and father; collectively, parents) appeal from an order of the juvenile court terminating their parental rights, under Welfare and Institutions Code section 366.26, with regard to their sons, O.R. and M.R.  After examination of the record, appellants' appointed counsel filed opening briefs under *In re Phoenix H.* (2009) 47 Cal.4th 835 (*Phoenix H.*), stating they found no arguable issues and asking this court to exercise its discretion to allow their clients to file his or her own brief.  (See *id.* at pp. 844–845 [if appointed counsel files a brief raising no issues on behalf of an indigent parent in a dependency action, the appellate court has discretion to permit the parent to personally file a brief].)  Counsel advised their respective clients they had 30 days within which they could personally submit any contentions he or she felt this court should consider, and further that the court had discretion to grant or deny permission to file the brief(s) if we found the existence of an arguable issue, but the appeal would be dismissed in the absence of arguable issues.

Father submitted a letter in which he strove to explain his troubled personal, mental health and marital history, and why those circumstances drove his failure or inability to comply with court orders or act appropriately during the course of this dependency action.  Mother also submitted a letter.  She attempted to explain that, notwithstanding her failure to comply with the reunification plan and the likelihood of her sons' adoption, "new evidence" established she had shifted her focus from herself to her children.  She explained that her

2

participation in a rehabilitation program had facilitated her "transformation" since parental rights were terminated on January 20, 2020, and that she is now "the best version of [herself] that [she could] be" and "the person best suited to fill the needs of her children." Each parent asked this court to grant him or her another opportunity to reunify with the children.

An appealed from judgment is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Appellant bears the burden to raise claims of reversible error or another defect. If he or she fails to do so, the appeal may be dismissed. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.) Here, each parent, in essence, asks this court to reweigh and resolve conflicts in the evidence, and reject the juvenile court's conclusions. We are not at liberty to do so. We have reviewed each parent's letter brief and conclude that neither brief presents good cause that any legally cognizable error in the juvenile court's orders exists. Accordingly, the appeal is dismissed. (*Phoenix H., supra,* 47 Cal.4th at pp. 843, 846; *In re Sade C.,* at p. 994.)

//

//

//

//

//

//

//

3

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

WILLHITE, J.

We concur:

MANELLA, P. J.

CURREY, J.